# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7899 | **DATE** | October 25, 2012 |
| **CASE TITLE** | Payton v. Window Concepts, Inc., et.al | | |

**DOCKET ENTRY TEXT:**

Payton's petition to proceed *in forma pauperis* [4] is granted. The clerk's office is directed to issue a summons and to effectuate service on defendant Window Concepts, Inc. The Court dismisses with prejudice Payton's Title VII claims against defendants Domek, Murphy and Petritis. Payton's motion for appointment of counsel [5] is granted. This Court appoints James D. Ryndak of Ryndak & Suri LLP, 200 West Madison Street, Suite 2100, Chicago, IL 60606, Email: ryndak@ryndaksuri.com to represent plaintiff Caza' Renaldo Payton.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner Caza Renaldo Payton ("Payton") seeks leave to file *in forma pauperis* her complaint against Window Concepts, Inc., Robert Domek ("Domek"), Brian P. Murphy ("Murphy") and Richard Petritis ("Petritis"). Payton also requests that the Court appoint an attorney to represent her. In her complaint, Payton alleges that she was discharged due to her race in violation of Title VII of the Civil Rights Act of 1964.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that she is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court determines whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. In this case, the Court finds that Payton has sufficiently demonstrated that she is impoverished within the meaning of the statute. In her affidavit, Payton states that she has been unemployed since she lost her job with defendant on or about August 29, 2012. Payton does not own a home or a car and has no assets or income. Payton receives $153.00 per week in unemployment benefits. Accordingly, the Court finds that Payton has sufficiently demonstrated that she is impoverished within the meaning of the statute.

Next, the Court reviews Payton's complaint to determine whether her claims are frivolous. It is clear from Payton's complaint that her Title VII claim against defendant Window Concepts, Inc. is not frivolous. Her Title VII claims against defendants Domek, Murphy and Petritis, however, are legally frivolous. Individuals are not liable under Title VII (*Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995)), even if, as is alleged here, they are owners (*Naser v. Creative Designs Mgt. Co.*, Case No. 12 C 1997, 2012 WL 3779067 at *5 (N.D. Ill. Aug. 30, 2012); *Bell v. Koerten*, Case No. 99 C 1040, 1999 WL 971282 at *1-2 (N.D. Ill. Oct. 21, 1999)). Accordingly, the Court dismisses with prejudice Payton's Title VII claims against Domek,

| STATEMENT |
|---|

Murphy and Petritis.

      Next, Payton moves for appointment of counsel. The Seventh Circuit has explained that "indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court." *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Court may, in its discretion, request counsel to represent an indigent litigant if the individual has made reasonable efforts to secure counsel and if the presence of counsel seems likely to make a difference in the outcome. *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993). Here, Payton states that she has contacted two attorneys and one legal assistance organization and has not found an attorney. The Court finds that Payton has made reasonable efforts to secure counsel. The Court also thinks the presence of counsel might make a difference in this case. Accordingly, the Court grants Payton's motion for appointment of counsel.